IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Logan M. Starbuck, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. _____ |
| | ) |
| DOLGENCORP, LLC. | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES

Comes now the Plaintiff, by and through his attorney, Michael Moroni, of the firm of Rice, Spaeth, Moroni & Heisserer, L.C., and for his cause of action against the Defendant states as follows:

1. Plaintiff is a resident of Morehouse, New Madrid County, Missouri and is a citizen of the State of Missouri.

2. Defendant is a limited liability company formed under the laws of the State of Kentucky, and duly authorized to do business in the State of Missouri, with CSC-Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, MO 65101 serving as the registered agent.

3. Defendant is formed under the laws of the State of Kentucky and its principal place of business is in Tennessee.

4. Defendant is a citizen of either Kentucky and/or Tennessee.

1

5. The damages claimed, exclusive and costs and interest, are in excess of $75,000.00.

6. This Court has jurisdiction based upon diversity of citizenship under 28 U.S.C. Sect. 1332 (a) (1).

7. The Incident that is the basis of this suit occurred in Butler County, Missouri which is in the Southeastern Division of this Court.

8. At all times herein relevant, the Defendant operated a retail store in or near Wappapello, Butler County, Missouri, commonly known as the Dollar General Store #16092 at 9898 Hwy T. Wappapello, MO 63966 in which the Defendant invited the general public to enter and purchase items of food, clothing and other goods.

9. On or about March 29, 2019, the Plaintiff visited the Defendant's store in or near Wappapello, MO for the purpose buying food items.

10. Plaintiff desired to purchase Hunt's garlic and herb spaghetti sauce.

11. The spaghetti sauce was on the top self and could not be reached from the floor by the Plaintiff.

12. There was no sign or other warning visible to the Plaintiff not to remove items from the top shelf without assistance.

13. There was no store clerk or employee available to help with the removal of the spaghetti sauce from the top shelf.

14. The store was under staffed.

15. The Plaintiff did not observe an employee or agent of the Defendant willing to assist the Plaintiff in reaching and removing the spaghetti sauce from the top shelf.

16. A small step ladder was on the floor near the place of the spaghetti sauce, and the Plaintiff assumed the ladder was placed there to assist shoppers in getting items that they could not reach, and the Plaintiff used the ladder to assist him in getting the spaghetti sauce.

17. The plaintiff used the step ladder, as invited to do so, to reach the bottle of spaghetti sauce and after the Plaintiff grasped the bottle he descended the ladder, missed a step and fell injuring himself.

18. The failure of the Defendant from being under staffed, failing to have a visible warning, placing the step ladder in a position it could be used to get items from the top shelf, and failing to provide staff to remove those items from the top shelf was negligent and/or created an unreasonably unsafe condition of which the Defendant knew or should have known and that the Defendant had a duty to avoid such conduct and breached its duty of ordinary car such that the Defendant's actions fell below the standard of care attributable to the Defendant for the following reasons:

    a. Defendant's agents or employees failed to use ordinary care to have the store properly staffed to provide necessary services to the invited customers.

    b. Staff was not present to remove items from the top shelf for customers who could not reach the items.

    c. Defendant's agents or employees failed to warn the Plaintiff to get help in removing items from the top shelf.

    d. Defendant's agents or employees placed a step ladder and invited customers such as the Plaintiff to remove items from the top shelf when it was not safe to do so.

    e. Defendant's agents or employees failed to provide a safe manner for removing items from the top shelf by customers.

    f. Defendant failed to provide reasonable means of removing items too high for customers to reach.

    g. Defendant should not have placed items higher than a reasonable customer could reach without also providing means for a customer to safely reach and retrieve those items.

19. As a direct and proximate result of the negligence of the Defendant and/or dangerous condition of the Defendant's premises as stated above, the Plaintiff has been damaged in the following respects:

   a. He has lost his natural rest and sleep and will continue to do so,

   b. He has suffered and will continue to suffer physical pain,

   c. He has suffered mental pain and anguish and will continue to do so,

   d. He has been forced to expend large sums of money and in the future will be forced to further expend large sums of money for medical care and treatment to his ankle and back.

   e. He has been bruised contused and made sore and lame and has suffered injuries to his left ankle and back including a compression fracture of his low back at L1 and L2 requiring kyphoplasty surgery and rehabilitation.

20. As direct and proximate result of the negligence and/or unreasonably dangerous condition of the store and the resulting injuries aforesaid the Plaintiff has been damaged in a sum in excess of Seventy-Five thousand dollars and more particular in the sum of Seven hundred and Fifty Thousand dollars.

21. DEMAND IS MADE FOR JURY TRIAL.

WHEREFORE the Plaintiff prays for Judgment in a fair and reasonable sum in excess of Seventy-Five thousand Dollars and more particularly in the sum of Seven Hundred and Fifty Thousand Dollars, for his costs herein incurred and for such other and further relief as to the Court may seem just and proper.

        Respectfully Submitted,
        Rice, Spaeth Moroni & Heisserer, L.C.

        _____
        Michael Moroni   EDMOBN 36560
        160 S. Broadview 4th Floor
        PO Box 1568
        Cape Girardeau, MO 63792-1568
        573-334-6061 (voice)
        573-334-0979 (facsimile)
        Michael_moroni1126@yahoo.com

        ATTORNEY FOR PLAINTIFF